# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESEE

RECEIVED
FEB 23 2023
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

David Patterson, )
   Movant, )
) 22-2880
) Case No. 22-5683
v. ) Original Case No. 05-20212-01-Ma
)
UNITED STATES, )
   Respondent. )

## MOTION UNDER 28 U.S.C § 2255

David Patterson, a pro se federal prisoner, comes before the Court pursuant to "Motion Under 28 U.S.C § 2255 to vacate, set aside or Correct a Sentence.

(1) In 2022, Patterson filed and was granted permission to submit a second or successive § 2255 motion, seeking relief, in view of United States v. Taylor, 142 S. Ct. 2015, 2020, 213 L.Ed 2d 349 (2022), which held that attempted Hobbs Act Robbery is not a crime of violence under § 924(c)(3)(A), his §924(c) conviction based on attempted robbery under § 2118(a) and (c) must be vacated. Patterson challenges this §924(c) conviction in view of both Taylor and Davis.

② Here, petitioner challenges the Constitutionality of his Confinement on the grounds that he was convicted of violating incorporates language similar to the language that Johnson/Davis and Taylor, declared unconstitutionally vague. Specifically, 18 U.S.C 924(c)(1)(A) criminalizes the possession of a firearm in furtherance of a "crime of violence" and thus incorporates the following definition of that term at 18 U.S.C § 924-(3)(B):

an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

③ As explained above, Johnson invalidated as unconstitutionally vague the ACCA's residual clause, 18 U.S.C 924(e)(2)(B)(ii) which defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year... that... involves conduct that presents a serious potential risk of physical injury to another." The Sixth Circuit has since held that Ohio aggravated robbery not a "crime of violence" for ACCA purposes United States v. White, No. 21-3209 (6th Cir. 2023) also See Borden, 593 U.S., at ___, 141 S.Ct. 1817, 210 L.Ed 2d 63.



Because the language invalidated by Johnson/Davis is identical to the second part of the "crime of violence" definition underlying petitioner's conviction for possession of a firearm in furtherance of a "crime of violence," petitioner argues that the portion of his sentence predicated on that conviction should be vacated as unconstitutional.

(4) Petitioner previously raise in his prior Davis claim that at the time of sentencing the court didn't specify with clause he was convicted under and ambuiguity about a statue should be resolved in favor of the movant. Petitioner contends that according to the clerk of court, The court reporter is no longer employed by this court and a transcript was never produced for petitioners sentencing hearing. This failure to provide transcripts is a violation of the court reporters Act. This is also a violation of his due process rights which is depriving him access to documented records which could reveal which Clause he was convicted under § 924(c)(3)(A) or 924(c)(3)(B). See United States v. Knox 456 F.2d 1084 (8th Cir Feb, 2022).


(5) Petitioner, also contends that United States v. Taylor, The court stressed that "an intention to take property by force or threat, along with a substantial step toward achieving that object,... - is just that, no more.

(6) Petitioners, "Attempted Pharmacy robbery is no longer a "Crime of Violence'" in the light of Taylor 142.S.Ct. 2015 (2022). See In re Williams, The Court emphasized that the elements clause does not ask whether the defendant committed a crime of violence or attempted to commit one "but rather" ask whether the defendant did commit a crime of violence, "id at 2022. The court concluded that, had congress intended the elements Clause to encompass attempted crimes of violence, it could have explicitly included attempt in its definition.

(7) In this Circuit, United States v Savage, (No — 21-3046 6th Circuit Decided 8, 2022) The Government concedes that, after Taylor, Savage's attempted-robbery conviction cannot support his § 924(c) conviction because it, like attempted Hobbs Act robbery, can be committed without "the use, attempt, or threat of force."


The district Courts' judgment vacated and remanded.

⑧ Petitioner also raise that his indictment failed to alledge that his attempted robbery § 2118(a) was committed by force, or violence or intimidation. "But because 18 — § U.S.C employs the disjunctive, the government must have charged these elements of the force clause in the jury instructions. The indictment did not sufficiently allege that the underlying robbery was attempted through force, or violence or intimidation and therefore he did not knowingly plead guilty to the charges and statue that requires the elements.

⑨ Petitioner raises subject matter Jurisdiction. The 5th Circuit held "In the Criminal context," the "subject matter jurisdiction is straightforward." Noting that 18 USC 3231 provides that "the district Courts of the United States shall have original jurisdiction... of all offenses against the laws of the United States," the 5th said, "To invoke that grantt of subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used —



by the relevant statute, this is the extent of the jurisdictional analysis: "a federal criminal case is within the subject matter jurisdiction of the district Court if the indictment charges that the defendant committed a crime described in title 18 or in one of the other statues defining federal Crimes." US v. Bleuler, No. 21-20658, 2023 — US App Lexis 3097 (5th Cir Feb 8, 2023).

(10) The Government counter argument is that Petitioner was convicted of the aggravated offense of the Statue 2118(c) when the robbery are accompanied by the use of firearms or an assault.

(11) Petitioner contends that the government argument is without merit. The Government attempt to excuse the burden of proving the elements of the first paragraph of § 2118(a), including the defendants use of force or violence or intimidation, as an element of attempted robbery; and subsection (c) only applies to defendants who have committed all of the elements of an offense outlined in subsection (a) or (b). Because the first paragraph of 18 U.S.C 2118(a) requires evidence of the use of force or violence or intimidation, charges under § 2118(c), premised upon violations of

of the first paragraph of subsection (a), ipso facto require evidence of the use of force or violence or intimidation. Furthermore, the natural language of §2118(c) enfolds all of the elements of §2118(a), rendering §2118(a) a lesser-included offense of §2118(c). Indeed, the U.S. Supreme Court has described §2118(a) as the same offense as §2113(d) without the elements of aggravation. See United States v Duffey (No. 10-10103 fifth Cir Jan 3 2012).

⑫ The 18 U.S.C. §924(c)(1) punishes the use of a firearm in the commission of a federal crime of violence. In order for the Government to convict a defendant under §924(c)(1), it is only the fact of the offense that is needed to establish the required predicate. United States v Bellew, 369 F.3d 450 (5th Cir 2004).

⑬ Petitioner also presents United States V. Ledbetter, 929 F.3d 338 (CA6 2019). The Sixth Circuit vacated two convictions under 18 U.S.C §924(j), which criminalizes "causing death of a person through the use of a firearm" "Homicide Squad" which specialized in murders and robberies.

(14) The key point is the meaning of "an element" of an offense. And the usual and established meaning of an "element" is clear: it is a "constituent part of a crimes legal definition a thing the prosecution must prove beyond a reasonable doubt to sustain a conviction." Mathis v. United States, 579 U.S. 500, 504. (Quoting Black Law Dictionary 634 (10th ed. 2014). See also Apprendi v. New Jersey, 530 U.S. 466, 477.

(15) Taylor, clearly indicate that "there will be case, appropriately reached by a charge of attempted robbery, where the actor does not actually harm anyone or even threaten harm." ALI Model Penal Code §222.1 p.114. "If, for example, the defendant is apprehended before he reaches his robbery victim and thus before he has actually engaged in threatening conduct, proof of his purpose to engage in such conduct" can "justify a conviction of attempted robbery" so long as his intention and some other substantial step are present Id., 115, 127 S.Ct. 782, 166 L.Ed. 2d 591.

(16) Petitioner contends that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjuctive and disjuctive components —

of a statue, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct. United States v. Milton Case No. 5:95-cr-70074 4th Cir April 20, 2021.

(17) Petitioners § 2118(a) disjunctive elements "Force or violence or intimidation" which was not relied upon in the indictment would indicate the Attempt and intimidation to be the least serious statutory conduct. United States V. Bolar-No. C16-986 RSL, No. CR 09-293 RSL April 28, 2017) held that after Johnson and Dimaya, a conviction for Pharmacy robbery under 18 USC 2118(a) cannot serve as a predicate "crime of violence" for purpose of a conviction under 18 U.S.C. § 924(c)(3)(A)(i). Noting that certainly a person could "intimidate" through the "use, attempted use, or threatened use of physical force." but because 18 U.S.C 2118(a) employs the disjunctive - "by force or violence or by intimidation" - the Court reads the statue to include intimidation through means other than force or violence (regardless of whether "force or violence" necessarily rises to the level of "Physical force"). Thus, the statute punishes some conduct not encompassed by the statutory definition of a "crime of violence" in § 924-(c)(3)(A).


⑱ In United States v Bellew (No. 03-40444 April 28, 2004 5th Cir) held that attempted intimidation was not sufficient for conviction under the first paragraph of 18 USC 2113(a), which was relied upon in the indictment.

The requirments of a taking "by force and violence" or "intimidation" is disjuctive. The government must prove only "force and violence" or "intimidation" to establish its case.

⑲ In General, two things must be proved to convict a defendant of "attempt" first, that the defendant acted with the kind of culpability otherwise required for commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of the defendants criminal attempt. As Taylor court confirmed that "an intention to take property by force or threat, along with a substantial step toward achieving that object... is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use —

or even threatened to use force against another person or his property.

A hypothetical helps illustrate the point, in <u>United States v. Duffey</u>: The jury convicted all appellants of two attempted robbery counts, when the actual robbery plan was abandoned: First, based on their plan to rob the Bank of America in Forth Worth and, second, based on their gathering at the Regions Bank in Garland. At the Bank of America in Forth Worth, the takeover team, armed with guns, drove to the bank and waited in a stolen Suburban for <u>Duffey</u> to initiate the robbery. <u>Duffey</u> called off the plan at the last minute because a bank patron winked at him, leading him to believe that the patron was aware of the impending robbery. The Appellants left the bank parking lot without any incident. There was no attempt to enter the bank or take the bank by force that day.

Similarly, at the Regions Bank in Garland, an FBI surveillance team observed the Appellants parking both a stolen silver Suburban and maroon pickup truck. After hearing <u>Duffey</u> say that he was ready to rob the bank, the agents moved in to arrest the Appellants. At no point in time during this transaction did the Appellants attempt to take the bank by force, enter the bank, or brandish a firearm. In <u>Duffey</u> we reverse and vacate the two attempted robbery and two accompany firearms offense.

(20) To determine whether a predicate offense qualifies as a "crime of violence" under that provision, courts apply the categorical approach; see Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed. 2d 607 (1990). That approach does not consider the specific facts underlying the actual conviction, but rather requires the court to "compare the elements of the statue forming the basis of the defendants' conviction with the elements of" a "crime of violence." (quoting Descamp v. United States, 133 S.Ct. 2276, 2281, 186 L.Ed. 2d 438 (2013)). A crime cannot categorically be a "crime of violence" if the statute of conviction punishes any conduct not encompassed by the statutory definition of a "crime of violence". "Id.

Petitioner has demonstrated cause by show he has made a prima facie that Davis, Taylor, the legal basis for his claim, rendered Petitioners' claim "not reasonably available" at the time of his sentencing. Petitioner has demonstrated actual prejudice by showing that, absent the unconstitutionally vague "crime of violence" and "invalide force clause" definition in 18 U.S.C §924(c)(3)(A) and §924(c)(3)(b); he would have not be convicted of violating that provision; and thus he would not have been sentenced to that provisions 120 month mandatory minimum penalty. See Strickler v. Green, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed. 2d 286 (1999) (holding that prejudice is shown where "there is

a reasonable Probability that the result in Petitioner's case would have been different absent the error. Thus, Petitioners Davis/Taylor claim is not barred by Procedural default. Petitioner prays that he be entitled to relief under 28 U.S.C § 2255.

Also Petitioner Ask that this could apply the First Step Act accourding to his stacked §924(c) Convictions which had he been convicted back then today he would not have recieved the illegal sentence.

Petitioner is actually innocent of his §924(c) Conviction and therefore request an immediate release.

This Motion is under penalty and or purjery that the Foregoing is True and correct.

Respectfully submitted,

Febuary 16, 2023

David Patterson

D. Patt