IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID PATTERSON, | ) | |
| Movant, | ) ) | |
| v. | ) ) | Civ. No. 2:22-cv-02880-SHM-tmp |
| | ) | Cr. No. 2:05-cr-20212-SHM-1 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING § 2255 MOTION, DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On December 15, 2022, Movant David Patterson, Bureau of Prisons register number 20300-076, an inmate at the United States Penitentiary in Atlanta, Georgia, received authorization from the Sixth Circuit to file a second or successive motion under 28 U.S.C. § 2255. (ECF No. 1 at PageID 2-4.) The Court ordered the United States to respond to Patterson's § 2255 motion. (ECF No. 5.) Patterson filed an amended § 2255 motion on February 23, 2023.[1] (ECF No. 6.) The United States filed a response on May 8, 2023. (ECF No. 14.) On May 25, 2023, Patterson filed a reply. (ECF No. 15.) Patterson then filed various supplements to his § 2255 motion with case citations. (ECF Nos. 16, 17, 18, 20.) He also filed two motions requesting the appointment of counsel. (ECF Nos. 2, 4.) For the reasons that follow, the amended § 2255 motion is DENIED. Patterson's motions for the appointment of counsel are DENIED as moot.

---

[1] He amended his § 2255 motion a second time on April 7, 2023. (ECF No. 9.) That motion, however, is identical to the first amended motion filed on February 23, 2023. (*Compare* ECF No. 9, *with* ECF No. 6.)

## I. BACKGROUND

On June 2, 2005, a federal grand jury in the Western District of Tennessee returned a six-count indictment against Patterson, charging him with the following:

(1) attempted robbery of a controlled substance with the use of a dangerous weapon, in violation of 18 U.S.C. § 2118(a) and (c), occurring on May 21, 2004 (pharmacy robbery) (Count 1);

(2) discharging a firearm during the commission of a crime of violence (the attempted robbery charged in Count 1), in violation of 18 U.S.C. § 924(c) (Count 2);

(3) robbery of a controlled substance with the use of a dangerous weapon, in violation of § 2118(a) and (c), occurring on May 8, 2004 (Count 3);

(4) using a firearm during the commission of a crime of violence (the completed robbery charged in Count 3), in violation of § 924(c) (Count 4);

(5) robbery of a controlled substance with the use of a dangerous weapon, in violation of § 2118(a) and (c), occurring on April 12, 2004 (Count 5);

(6) using a firearm during the commission of a crime of violence (the completed robbery charged in Count 5), in violation of § 924(c) (Count 6).

(No. 2:05-cr-20212-SHM-1, ECF No. 1.)  Patterson pled guilty to Counts 1, 2, and 4.  (ECF Nos. 118 & 128.)  The Court dismissed the remaining counts on the government's motion.  (ECF No. 128 at PageID 139.)  Patterson was sentenced Patterson to 60 months on Count 1; 120 months on Count 2, to run consecutive to Counts 1 and 4; and 300 months on Count 4, to run consecutive to Counts 1 and 2, for a total of 480 months of imprisonment.  (*Id.* at PageID 140.)

On October 15, 2007, Patterson filed a *pro se* motion under § 2255, alleging that he had received ineffective assistance of counsel at sentencing.  (No. 2:07-cv-02666-SHM-dkv, ECF Nos. 1 at PageID 4 & 1-1 at PageID 18.)  This Court denied the motion.  (ECF No. 18.)

On August 19, 2019, Patterson filed a motion in the Sixth Circuit for authorization to file a second or successive § 2255 motion, citing *United States v. Davis*, 139 S. Ct. 2319 (2019).

(ECF No. 23 at PageID 134-35.)  Patterson argued that *Davis* should apply retroactively to invalidate his § 924(c) convictions because § 2118—the predicate offense for those convictions—no longer qualified as a crime of violence.  (*Id*. at PageID 138-39, 145-48.)  The Sixth Circuit denied the motion, concluding that § 2118 satisfied the use-of-force clause in § 924(c)(3)(A), which was not affected by *Davis*.  (ECF No. 24 at PageID 222-23.)

On July 7, 2022, Patterson filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which this Court construed as a § 2255 motion.  (ECF Nos. 25 & 26.)  Because Patterson had not sought authorization to file a second or successive § 2255 motion as required under 28 U.S.C. § 2244(b)(3)(A), the Court transferred Patterson's motion to the Sixth Circuit.  (ECF No. 26.)

Patterson filed a corrected motion for authorization with the Sixth Circuit, arguing that his § 924(c) conviction was invalid in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022).  (ECF No. 32 at PageID 283-84.)  The Sixth Circuit granted the motion for authorization, explaining that, "[r]eading *Davis*, *Taylor*, and Patterson's arguments together, we conclude that Patterson has made a prima facie showing that his § 924(c) conviction based on attempted armed robbery [under § 2118] might no longer qualify as a crime of violence under either the now-invalid residual clause or the use-of-force clause of § 924(c)(3)(A)."  (*Id*. at PageID 283-84.)

## II. ANALYSIS

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks and citation omitted).  The prisoner

has the burden of proving that he is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Section § 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).

In *Davis*, the Supreme Court struck down § 924(c)(3)(B)'s residual clause definition of "crime of violence" as unconstitutionally vague. 139 S. Ct. at 2336. The Supreme Court later held in *Taylor* that attempted Hobbs Act robbery under 18 U.S.C. § 1951 did not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A). 596 U.S. at 851.

Relying on *Taylor*, Patterson challenges his § 924(c) conviction in Count 2. (*See* No. 2:22-cv-02880-SHM-tmp, ECF No. 6 at PageID 39.) The crime of violence underlying that § 924(c) conviction is attempted armed pharmacy robbery in violation of § 2118(a) and (c). (No. 2:05-cr-20212-SHM-1, ECF No. 128.) Patterson argues that post-*Taylor*, the predicate offense of attempted armed pharmacy robbery is no longer a crime of violence. (*See* No. 2:22-cv-02880-SHM-tmp ECF No. 6 at PageID 39.)

**A. Attempted Armed Pharmacy Robbery Qualifies as a Crime of Violence Post-*Taylor***

The felony at issue in *Taylor* was attempted Hobbs Act robbery under § 1951. *See* 596 U.S. at 848. The Supreme Court applied the categorical approach to determine whether the offense

4

qualified as a crime of violence under § 924(c)(3)(A)'s elements clause. *Id*. at 850. Under that approach, the Court considered whether a conviction under § 1951 "has as an *element* the use, attempted use, or threatened use of physical force." *Id*. (quoting § 924(c)(3)(A)).

The *Taylor* Court explained that, "to win a case for *attempted* Hobbs Act robbery[,] the government must prove two things: (1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id*. at 851. In other words, "to secure a conviction the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object." *Id*. As the Court explained, however, "an intention is just that, no more." *Id*. "And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property. *Id*.

The Court used a hypothetical to illustrate this point. *Id*. A defendant "Adam" tells a friend that he plans to rob a store. *Id*. at 851-52. Adam cases the premises, buys a ski mask, plans an escape route, recruits a getaway driver, and drafts a threatening note to pass to the store's cashier. *Id*. at 852. On the day of the planned robbery, Adam walks into the store and is immediately arrested by the police, who have been tipped off by Adam's friend. *Id*. The *Taylor* Court reasoned that, because the government "could win a lawful conviction against Adam for attempted Hobbs Act robbery" although "he never even got to the point of threatening the use of force against anyone or anything," the offense did not categorically require the use, attempted use, or threatened use of force. *Id*.

The government argued that § 924(c)(3)(A)'s elements clause required "only an objective . . . threat to community peace and order." *Id*. at 855. According to the government, "anyone who takes a substantial step toward completing a Hobbs Act robbery"—including engaging in conduct

5

such as Adam's—"objectively poses a 'threatened use' of force even if he never communicates his threat to anyone." *Id*. at 854-55.  The Court rejected that argument based on "textual clues" in the statute indicating that the threat must be directed "against specific persons or their property." *Id*. at 856.  The Court also reasoned that accepting the government's view would "vastly expand the statute's reach by sweeping in conduct that poses an abstract risk to community peace and order, whether known or unknown to anyone at the time." *Id*.  Because attempted Hobbs Act robbery did not have any of the elements in § 924(c)(3)(A), the *Taylor* Court held that it was not a crime of violence. *Id*. at 859.

Patterson was not convicted of attempted Hobbs Act robbery.  He was convicted of attempted armed pharmacy robbery, in violation of § 2118(a) and (c). (No. 2:05-cr-20212-SHM-1, ECF No. 128.)  The United States argues that the language in § 2118 is "materially different" than § 1951, the statute considered in *Taylor*. (No. 2:22-cv-02880-SHM-tmp, ECF No. 14 at PageID 102.)  The federal pharmacy robbery statute at § 2118 proscribes taking or attempting to take a controlled substance "from the person or presence of another by force or violence or by intimidation." § 2118(a).  As the United States points out, in § 2118(a), the phrase "by force or violence or by intimidation" follows the phrase "[w]however takes or attempts to take." (ECF No. 14 at PageID 102.)  That placement is important, the United States argues, because it means that a showing of actual force or violence or intimidation is required, even for attempt liability. (*Id*.)

The United States represents that it has found no Sixth Circuit decisions discussing the elements of attempted pharmacy robbery in § 2118(a)(1), and the Court's independent research confirms that.  The Sixth Circuit discussed the elements of *completed* pharmacy robbery in *United States v. Ayala*, 755 F. App'x 499 (6th Cir. 2018).  The Sixth Circuit found that a conviction under § 2118(a) required the government to prove: (1) that the defendant took a controlled substance

from a pharmacy; (2) that "such taking was accomplished by force, violence, or intimidation," and (3) that the pharmacy "was registered with the Drug Enforcement Administration [(DEA)] to dispense controlled substances at the time of the robbery." *Id.* at 509.

The United States argues that an extension of *Ayala* to attempted pharmacy robbery would require proof that: (1) the defendant attempted to take a controlled substance from a pharmacy, (2) the taking was accomplished by force, violence, or intimidation, and (3) the pharmacy was registered with the DEA to dispense the controlled substance. (ECF No. 14 at PageID 103.) In the United States' view, a conviction for attempted pharmacy robbery necessarily involves the use of force, violence, or intimidation. (*Id.*)

The United States acknowledges that, when construing the elements of attempted bank robbery under 18 U.S.C. § 2113(a), a statute similar to § 2118(a), the Sixth Circuit held that "attempt" under § 2113(a) related not only to the taking, but also to the use of "force, violence, or intimidation. (*Id.*); *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005). In other words, "[a]ctual intimidation is not required to prove attempted bank robbery" under § 2113(a). *Id.*

The Sixth Circuit noted in *Wesley* that the Fifth Circuit had held that § 2113 "requires proof that the defendant actually committed an act of intimidation, or of force and violence, in order to be convicted of attempted bank robbery." *Id.* The Sixth Circuit disagreed with the Fifth Circuit's holding in *United States v. Bellew*, 369 F.3d 450 (5th Cir. 2004), that the "attempt" related "only to the taking and not the intimidation." 417 F.3d at 618.

Patterson relies on *Bellew*, in arguing that § 2118 is not a crime of violence under § 924(c)(3)(A). (ECF No. 6 at PageID 48.) As the United States point out, *Bellew* does not support Patterson's argument. (ECF No. 14 at PageID 104.) In *Bellew*, the government argued that "attempted intimidation is sufficient for conviction" under § 2113(a), and, therefore, "did not point

7

to any evidence that showed that [the defendant] committed any act of intimidation." 369 F.3d at 453. In parsing the elements of § 2113(a), the Fifth Circuit offered two interpretations:

> One reading of the first paragraph of [§] 2113(a) is that a defendant must actually commit an act of intimidation while wrongfully taking or attempting to take money from the presence of a person at a bank. That is, the attempt only relates to the taking, not the intimidation. Another reading, urged by the government, is that all that is required to violate the statute is for a defendant to attempt to intimidate while attempting to rob a bank.

*Id*. at 454. The Fifth Circuit adopted the first interpretation—that a conviction based on intimidation requires an "actual act of intimidation." *Id*. Under *Bellew*, the "attempt" in § 2113(a) refers only to the "taking" element and not to the intimidation. *See id*. Thus, "the statute requires more than attempted intimidation for conviction." *Id*. at 456. Because the defendant in *Bellew* did not use "force and violence or intimidation," the Fifth Circuit held that the government had failed to prove the necessary elements for a conviction under § 2113(a) for attempted bank robbery. *Id*. at 454.

The Fifth Circuit's holding in *Bellew* is consistent with the United States' interpretation of § 2118 (i.e., that the statute requires a showing of actual force or violence or intimidation even for attempt liability). As discussed, however, the Sixth Circuit rejected the reasoning of *Bellew* in *Wesley*, joining the Second, Fourth, and Ninth Circuits in holding that the "attempt" in § 2113(a) refers only to the taking and actual intimidation is not required. *See Wesley*, 417 F.3d at 618.

Patterson also cites *United States v. Duffey*, 456 F. App'x 434 (5th Cir. 2012). (ECF No. 6 at PageID 49.) The defendants in *Duffey* were convicted of attempted bank robbery under § 2113(a) and (d). 456 F. App'x at 441-42. The Fifth Circuit, in considering a challenge to the sufficiency of the evidence supporting those convictions, said: "the plain language of the first paragraph of subsection (a) specifically requires proof of the defendant's actual use of 'force and

8

violence' or 'intimidation' as an element of attempted robbery." *Id*. at 442. "Thus, in order for the Appellants' attempted robbery convictions to survive a sufficiency of the evidence review, the Government must have presented evidence that the Appellants acted with 'force and violence, or intimidation.'" *Id*. at 443. Because the Government conceded "that the defendants did not act with actual 'force and violence, or intimidation,' as required by the first paragraph of . . . § 2113(a) and (d)," the Fifth Circuit vacated the attempted robbery convictions. *Id*. at 443-44.

As the United States argues, *Duffey* supports its position that a conviction under § 2118— a statute similar to § 2113, which was at issue in *Duffey* and *Bellew*—requires proof of actual force, violence, or intimidation, and that the "attempt" in the statute refers only to the taking. (ECF No. 14 at PageID 105.) The Sixth Circuit has yet to address the elements of attempted pharmacy robbery, and in *Wesley* the Sixth Circuit rejected the Fifth Circuit's holding in *Bellew* as "inconsistent" with its definition of attempt crimes. *Wesley*, 417 F.3d at 618.

The United States asserts that the Court need not decide whether attempt liability under § 2118(a) requires proof of actual force, violence, or intimidation because Patterson was also convicted of violating subsection (c) of § 2118. (ECF No. 14 at PageID 105.) That subsection provides:

> (1) Whoever in committing any offense under subsection (a) or (b) assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device shall be fined under this title and imprisoned for not more than twenty-five years.
>
> (2) Whoever in committing any offense under subsection (a) or (b) kills any person shall be fined under this title or imprisoned for any term of years or life, or both.

§ 2118(c).

Thus, the required elements of § 2118(c) are: (1) a completed or attempted offense under subsections (a) or (b) of § 2118, and (2) an assault, or putting the life of a person in jeopardy, by

9

use of a dangerous weapon.  The United States argues that the second element of § 2118(c)(1) "necessarily requires the use, attempted use, or threatened use of force."  (ECF No. 14 at PageID 106.)  Specifically, the term "assault" has been defined as "a deliberate attempt to inflict bodily harm or injury upon the person of another."  *United States v. Mills*, 1 F.3d at 414, 420 (6th Cir. 1993).  Additionally, "putting in jeopardy" means "to knowingly do an act which exposes [a] person to a risk of death."  *Id*.  Both of these alternate ways of satisfying the second element of § 2118(c) require the use of a dangerous weapon.

The United States argues that for these reasons, the logic of *Taylor* does not extend to Patterson's case.  (ECF No. 14 at PageID 106.)  In the hypothetical posed by the Supreme Court in *Taylor*, the defendant Adam engaged in conduct where the completed offense could be committed by the *threatened* use of force against the person or property of another, without any *actual* use of force.  596 U.S. at 851-52.  A conviction under § 2118(a) and (c), however, cannot be based on an "attempt to threaten" theory because it necessarily requires an assault using a dangerous weapon or putting another person's life in jeopardy by use of a dangerous weapon.

"Not every crime becomes a crime of violence when committed with a deadly weapon." *United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012).  Where an offense requires at least some force or the threatened use of force, however, "the use of a deadly weapon in the commission of an offense . . . can transform that force into the necessary violent physical force" for purposes of § 924(c)(3)(A).  *Knight v. United States*, 936 F.3d 495, 499 (6th Cir. 2019).  The second element of § 2118(c)(1) requires "an assault, or putting the life of a person in jeopardy, by use of a dangerous weapon."  An assault or an attempt to inflict bodily injury, necessarily involves the use of force.  *See Nicholson v. United States*, 78 F.4th 870, 878 (6th Cir. 2023) (listing "assault" as an act involving force under § 924(c)(3)'s elements clause).  Likewise, "us[ing] a dangerous

weapon to put the victim's life in jeopardy ensures that at least the threat of physical force is present." *Knight*, 936 F.3d at 500. Unlike attempted Hobbs Act robbery, attempted armed pharmacy robbery under § 2118(a) and (c) is a crime of violence under § 924(c)(3)(A).

Patterson cites *Savage v. United States*, No. 21-3046, 2022 WL 17660329 (6th Cir. Dec. 8, 2022), but that case does not benefit him. (*See* ECF No. 6 at PageID 42.) The defendant's § 924(c) conviction in *Savage* was based on attempted robbery of United States property, in violation of 18 U.S.C. § 2112. 2022 WL 17660329, at *1. The defendant argued that his § 924(c) conviction was invalid because it was based on his attempted robbery conviction under § 2112, which was comparable to attempted Hobbs Act robbery in that it could be committed without an attempt, or threat, to use physical force. *Id*. The government conceded that, after *Taylor*, the defendant's attempted robbery conviction under § 2112 did not support his § 924(c) conviction. *Id*. at *2. The government argued, however, that the defendant had procedurally defaulted on his § 924(c) claim because he did not raise it on direct appeal. *Id*. The Sixth Circuit vacated and remanded so that the district court could address the procedural default issue. *Id*.

*Savage* says nothing about the predicate offense of attempted armed pharmacy robbery under § 2118(a) and (c). To the extent that Patterson relies on the concession that the government made in *Savage*, that concession pertained to a conviction under § 2112, a statute that is materially different from the one at issue in his case. Under § 2112, it is illegal to "rob[] or attempt[] to rob another of any kind or description of personal property belonging to the United States." Unlike § 2118, therefore, § 2112 does not include the phrase "by force or violence or by intimidation." As discussed above, Patterson was convicted of violating § 2118(c)—an aggravated form of pharmacy robbery. His case is distinguishable from *Savage*.

11

Patterson also cites *United States v. Ledbetter*, 929 F.3d 338 (6th Cir. 2019). (ECF No. 6 at PageID 45.) There, the Sixth Circuit set aside the defendants' § 924(c) convictions that were based on conspiracy to commit Hobbs Act robbery. *Ledbetter*, 929 F.3d at 360-61. The government had relied on § 924(c)(3)(B)'s residual clause to argue that conspiracy to commit Hobbs Act robbery qualified as a crime of violence. *Id.* at 361. Because *Davis* invalidated the residual clause, conspiracy to commit Hobbs Act robbery no longer qualified as a crime of violence. *Id.* Unlike conspiracy to commit Hobbs Act robbery, Patterson's conviction under § 2118(a) and (c) qualifies as a crime of violence under the elements clause in § 924(c)(3)(A), and the now-invalidated residual clause in § 924(c)(3)(B) is not implicated.

Patterson argues that pharmacy robbery committed by intimidation is not a crime of violence, citing *Bolar v. United States*, No. C16-986RSL, 2017 WL 1543166, at *3 (W.D. Wash. Apr. 28, 2017). (ECF No. 6 at PageID 47.) In *Bolar*, the court held that, "[b]ecause pharmacy robbery . . . punishes robbery by *intimidation*" and does not require "the use, attempted use, or threatened use of physical force against the person or property of another," it does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause. *Id.*

The holding in *Bolar* is contrary to the law of this circuit. In *Wingate v. United States*, 969 F.3d 251, 263 (6th Cir. 2020), the defendant similarly argued that pharmacy robbery did not qualify as a crime of violence under § 924(c)(3)(A) "because the minimum conduct criminalized is robbery by intimidation," and the act of intimidation "does not necessarily require a forceful or violent act." The Sixth Circuit rejected that argument, citing its previous decision in *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), where it held that intimidation under the bank robbery statute "involves the threat to use physical force." *Wingate*, 969 F.3d at 263. Pursuant to *Wingate*, pharmacy robbery by intimidation qualifies as a crime of violence under the elements clause. *Id.*

at 264. The predicate offense in Patterson's case is attempted armed pharmacy robbery, which as discussed, necessarily has as an element the use, attempted use, or threatened use of force.[2]

## B. Patterson's § 2255 Motion is Untimely

A motion under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3).

Judgment was entered in Patterson's underlying criminal case on October 10, 2006. (No. 2:05-cr-20212-SHM-1, ECF No. 128 at PageID 139.) Patterson did not file an appeal, having waived his right to do so as part of his plea agreement. (ECF No. 118 at PageID 118.) Where a prisoner does not file a direct appeal, the statute of limitations for a § 2255 motion commences when the time for filing a direct appeal has elapsed. *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Patterson's conviction became final in 2006. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that criminal appeals must be filed within 14 days of the entry of the judgment being appealed). Because Patterson's § 2255 motion was filed more than one year after his conviction became final, it is untimely under § 2255(f)(1). (*See* No. 2:22-cv-02880-SHM-tmp, ECF No. 1-2 at PageID 7.) Patterson's *Taylor*-based argument does not help him because *Taylor* involved attempted Hobbs Act robbery, which for the reasons already discussed, is different from attempted armed pharmacy robbery under § 2118(a) and (c). Because there has been no Supreme

---

[2] Patterson has filed several supplemental memoranda with additional authority that he offers to support his argument that post-*Taylor*, his conviction for attempted armed pharmacy robbery is not a crime of violence. (*See* ECF Nos. 16, 17, 18, 20.) Aside from the fact that the authority Patterson cites is from other circuits and not controlling in this Court, none of the decisions addresses attempted armed pharmacy robbery.

Court decision holding that attempted armed pharmacy robbery does not qualify as a crime of violence, Patterson's motion is likewise untimely under § 2255(f)(3).[3]

## C. Patterson's Challenge to the Sufficiency of the Indictment

Patterson also argues that his § 924(c) conviction should be vacated because the indictment failed to sufficiently allege that the underlying § 2118(a) offense was attempted by force, violence, or intimidation, and therefore he did not knowingly plead guilty to the charges in the indictment. (ECF No. 6 at PageID 43.) Patterson's challenge to the sufficiency of the indictment is not based on *Taylor* or any Supreme Court decision. It is untimely under § 2255(f)(1) because it was filed more than one year after his conviction became final. The Sixth Circuit did not grant Patterson authorization to proceed with this claim. (ECF No. 1 at PageID 3-4 n.1.)

## D. Patterson's Argument under the First Step Act

Patterson urges the Court to apply the First Step Act ("FSA") to his "stacked" § 924(c) offenses. (ECF No. 6 at PageID 51.) The FSA changed how courts sentence defendants, like Patterson, who are convicted of multiple counts under § 924(c). In particular, the FSA changed what counts as a prior § 924(c) conviction for purposes of the escalating mandatory minimum sentences. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5221-22 (Dec. 21, 2018).

When the Court sentenced Patterson in 2006, § 924(c) provided that, "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to . . . not

---

[3] The United States argues that Patterson's *Taylor*-based challenge to his § 924(c) conviction is also barred by the doctrine of procedural default because he did not present it on direct appeal and cannot establish cause to excuse the default or his actual innocence of the dismissed charges, which were as serious as the charges to which Patterson pled guilty. (ECF No. 14 at PageID 109-16.) The Court need not address procedural default given its ruling that Patterson's motion is untimely because *Taylor* does not apply to Patterson's case.

14

less than 25 years." § 924(c)(1)(C)(i).  The Supreme Court interpreted the word "conviction" to mean the "finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction."  *Deal v. United States*, 508 U.S. 129, 132 (1993).  Thus, § 924(c)(1)(C)(i)'s mandatory minimum sentence applied even when the additional § 924(c) offenses were part of the same indictment.  *Id.* at 135-36.  Following the enactment of § 403 of the FSA, however, a defendant would "have to be a repeat offender with a prior, final conviction to be eligible for the mandatory enhancement."  *United States v. Richardson*, 948 F.3d 733, 745 (6th Cir. 2020).

Congress extended these changes "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  132 Stat. 5194 at 5221.  Because Patterson was sentenced in 2006, before the enactment of the FSA in 2018, the amendments on which Patterson relies do not apply to him.

### III.  CONCLUSION

For the reasons set forth above, Patterson's conviction and sentencing did not violate the Constitution or laws of the United States.  His amended motion to vacate, set aside, or correct his sentence under § 2255 is DENIED.

### IV.  APPELLATE ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

15

encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny Patterson's amended § 2255 motion.  Because any appeal by Patterson does not deserve attention, the Court DENIES a certificate of appealability.

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reason it denies a COA, the Court finds that any appeal would not be taken in good faith.  The Court therefore CERTIFIES under Rule 24(a) that any appeal would not be taken in good faith and DENIES leave to appeal in forma pauperis.

IT IS SO ORDERED this 9th day of April, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE